**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ECLIPSE VENTURES, LLC<br><br>514 High Street, Suite 4,<br>Palo Alto, California 94301<br><br>Plaintiff,<br>v.<br><br>FALCON ECLIPSE, INC., FALCON ECLIPSE MANAGEMENT LLC, and FALCON ECLIPSE VENTURES, LLC,<br><br>6830 Elm Street, Suite 302,<br>McLean, Virginia 22101<br><br>Registered Agent:<br>Justin T. Banford<br>8300 Boone Blvd Ste 550,<br>Vienna, Virginia 22182<br><br>Defendants. | Civil Action No. 23-1764<br><br>COMPLAINT<br>AND JURY DEMAND |

Plaintiff Eclipse Ventures, LLC ("Eclipse") submits this Complaint for trademark infringement and unfair competition against Defendants Falcon Eclipse, Inc., Falcon Eclipse Management LLC, and Falcon Eclipse Ventures, LLC (together, "Defendants" or "FEV") and alleges as follows.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Eclipse Ventures, LLC is a Delaware limited liability company with its headquarters at 514 High Street, Suite 4, Palo Alto, California 94301.

2. On information and belief, Defendant Falcon Eclipse, Inc. is a Delaware corporation formed in September 2022. Per the Virginia State Corporation Commission Clerk's

Information System, Falcon Eclipse Inc. has a principal office address of 6830 Elm Street, Suite 302, McLean, Virginia 22101.

3. On information and belief, Defendant Falcon Eclipse Management LLC is a Delaware limited liability company formed in September 2022. Per the Virginia State Corporation Commission Clerk's Information System, Falcon Eclipse Management LLC has a principal office address of 6830 Elm Street, Suite 302, McLean, Virginia 22101.

4. On information and belief, Defendant Falcon Eclipse Ventures, LLC is a Delaware limited liability company formed in September 2022. Per the Virginia State Corporation Commission Clerk's Information System, Falcon Eclipse Ventures, LLC has a principal office address of 6830 Elm Street, Suite 302, McLean, Virginia 22101.

5. This action for trademark infringement and unfair competition arises under the Lanham Act, 15 U.S.C. § 1501 *et seq*., and related common law. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Eclipse's related claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants pursuant to D.C. Code § 13-423(a)(1), (3), and (4) and as permitted by the United States Constitution. Defendants regularly transact and do business in the District of Columbia, and purposefully avail themselves of the privilege of conducting business in this District. For example, publicly available information on PitchBook, a resource for data on private equity firms, states that Falcon Eclipse Ventures "is based in Washington DC, District of Columbia."[1] Further, press about the Defendants refers to

[1] *See Falcon Eclipse Ventures Overview*, PITCHBOOK, https://pitchbook.com/profiles/investor/510139-36#analytics.

"DC's Falcon Eclipse Ventures,"[2] and Defendants have recently invested in DC-based companies, like Holocron Technologies.[3] On information and belief, Defendants also market their services to residents of the District of Columbia using marks that wholly incorporate Plaintiff's prior registered and used marks.

7. Additionally, on information and belief, Jamil N. Jaffer is the principal of Defendants' operations. Defendants' website lists Mr. Jaffer as the "Managing Director"[4] of FEV. The site lists no other members or directors involved with FEV's operations. The site lists no physical address for FEV's operations. On information and belief, Mr. Jaffer regularly conducts business in Washington, D.C. His public Twitter profile and public LinkedIn profile each confirm his location as "Washington, D.C."

8. Venue properly lies in this judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to these claims occurred within this District, and because Defendants are subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

9. Eclipse Ventures is a highly successful venture capital firm with approximately five billion dollars of Regulatory Assets Under Management as of December 31, 2022. Eclipse has a team of investors with executive operating experience from world-class brands (including Tesla, Microsoft, Apple, Intel, Cisco and Samsara) and a mandate to partner with entrepreneurs boldly transforming the essential industries that define and propel economies. Eclipse is focused on promoting growth in early-stage companies with the goal to modernize expansive, physical

---

[2] *See* Michaela Althouse, *AI startup Holocron just raised $1.5M in pre-seed round*, TECHNICALLYMEDIA (May 3, 2023), https://technical.ly/startups/holocron-ai-preseed-raise/.

[3] *See id*.

[4] *See* https://www.falconeclipse.com/about-us.

industries, including manufacturing, logistics, transportation, and healthcare. Since at least as early as 2015, Eclipse has partnered with entrepreneurs to provide guidance on everything from operating best practices to fundraising strategies. Together with entrepreneurs, Eclipse builds exceptional companies that make these physical industries more efficient, resilient, and profitable.

10. Eclipse has invested heavily in promoting its business and has achieved substantial commercial success. It owns valuable rights in its trademark, ECLIPSE, and in the goodwill associated with that mark. In recognition of Eclipse's rights and goodwill in the ECLIPSE mark, the United States Patent and Trademark Office granted it the following Trademark Registrations:

| Mark | Dates | Goods and Services |
| --- | --- | --- |
| ECLIPSE VENTURES<br>U.S. Reg. No. 6,283,258 | First use:<br>September 13, 2015<br>Registered:<br>March 2, 2021 | Int'l Class 36: Venture capital funding services to emerging and start-up companies |
| ECLIPSE<br>U.S. Reg. No. 6,327,526 | First use:<br>September 13, 2015<br>Registered:<br>April 20, 2021 | Int'l Class 36: Venture capital funding services to emerging and start-up companies |
| E C L I P S E<br>U.S. Reg. No. 6,327,530 | First use:<br>September 13, 2015<br>Registered:<br>April 20, 2021 | Int'l Class 36: Venture capital funding services to emerging and start-up companies |

11. The above registered marks, along with Eclipse's common law rights, are referred to collectively as the "ECLIPSE Marks."

12. The services set out in the above registrations, along with Eclipse's common law offerings, are referred to as the "ECLIPSE Services."

13. In or around May 2023, Eclipse became aware of a new private investment company using the name "Falcon Eclipse Ventures" and the trademarks FALCON ECLIPSE and FALCON ECLIPSE VENTURES (together, "Defendants' Marks") when an article published by Technically Media discussed FEV's capital investments in Holocron Technologies.[5]

14. According to its website, FEV "is looking to identify a handful of standout companies to acquire or make strategic investments in and then help accelerate their growth to the next level."[6] In particular, FEV "is prepared to make strategic investments in early-stage, rapidly-growing companies that are poised to accelerate further in the near future"[7] (hereinafter, "Defendants' Services"). These target investment consumers and channels of trade have substantial overlap with Eclipse's "venture capital funding services to emerging and start-up companies."

15. FALCON ECLIPSE and FALCON ECLIPSE VENTURES wholly incorporate Eclipse's prior registered and used ECLIPSE and ECLIPSE VENTURES marks. Defendants' Marks are therefore highly similar in appearance, sound, connotation, and commercial impression to the ECLIPSE Marks.

---

[5] *See* Michaela Althouse*, AI startup Holocron just raised $1.5M in pre-seed round*, TECHNICALLYMEDIA (May 3, 2023), https://technical.ly/startups/holocron-ai-preseed-raise/).

[6] *See* https://www.falconeclipse.com/home.

[7] *See* https://www.falconeclipse.com/opportunities.

16. In addition, ECLIPSE uses a stylized logo based on an image of an eclipse, where the word ECLIPSE bisects the eclipse image:



17. The ECLIPSE logo often appears as a bright orange "sun" on a dark background, as below:



18. Defendants have adopted an image to advertise Defendants' Services, pictured below, which is similar to the ECLIPSE logo to the point of appearing intentional. Like the ECLIPSE logo, the image used by Defendants is an image of a bisected eclipse, with a bright orange sun on a dark background. The only substantive difference is that Defendants use a falcon to bisect the eclipse, instead of a dark half circle and the word ECLIPSE.

19. Services like venture capital funding services, strategic investment services, and other private investment services rely heavily on the goodwill and reputation associated with their marks. Business is transacted through personal meetings and performance of intensive and substantive due diligence regarding potential investments. The value of the brand develops, at least in part, from the trust that consumers, business partners, and the public hold in a firm's past successes in its associated investments. Similarly, investors provide capital to funds based, at least in part, on funds' reputations. Accordingly, confusion as to the ownership of a venture capital or private equity brand name and its performance as to investment success has potential to cause immediate reputational harm.

20. In fact, harm has already resulted from Defendants' use of Defendants' Marks. A Google search for the phrase "eclipse ventures" yields FEV's website in the top-returned results, among results referencing Eclipse. Correspondingly, a search for the phrase "falcon eclipse ventures" yields Eclipse's website on the first page of results, among results referencing FEV. Consumers searching for information regarding Eclipse are likely to be exposed to FEV and its nearly identical services and mistakenly assume there is some affiliation between the two investment firms, and vice versa.

21. Defendants use the FALCON ECLIPSE and FALCON ECLIPSE VENTURES marks for private investment services targeted to early-stage companies, which are identical to

the ECLIPSE Services. Defendants use an image that is highly similar to the ECLIPSE logo to brand Defendants' Services. The image readily calls to mind Eclipse and the ECLIPSE Services. Defendants and Eclipse target similar consumers for their services, namely, early-stage companies interested in funding and investment services. On information and belief, Defendants and Eclipse operate using similar channels of trade.

22. FEV's use of the FALCON ECLIPSE and FALCON ECLIPSE VENTURES marks for directly competing services is likely to cause consumers encountering Defendants' Marks to mistakenly believe that FEV and/or Defendants' Services are related to, produced under license from, or are otherwise affiliated with Eclipse, its prior ECLIPSE Marks, and/or the ECLIPSE Services.

23. On becoming aware of the Technically Media article, Eclipse recognized the danger of consumer confusion between Eclipse's business and Defendants' business. Eclipse sent a letter to Defendants, via their principal Mr. Jaffer, alerting Defendants to their infringing conduct and requesting Defendants to cease use of FALCON ECLIPSE and FALCON ECLIPSE VENTURES. Defendants declined to cease their use of the infringing marks.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement in Violation of 15 U.S.C. § 1114(1)(a)

24. Eclipse incorporates the preceding paragraphs as though set forth fully herein.

25. Eclipse owns valid federal registrations for the ECLIPSE Marks for venture capital funding services to emerging and start-up companies.

26. Plaintiff's registrations in the ECLIPSE Marks constitute *prima facie* evidence of the validity of Eclipse's trademark rights and of Eclipse's exclusive right to use the ECLIPSE

Marks in commerce. The registrations are *prima facie* evidence of Eclipse's nationwide right of priority in the ECLIPSE Marks.

27. Defendants' unauthorized use of Defendants' Marks in connection with Defendants' Services is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendants' Services and the ECLIPSE Services, or as to the origin, sponsorship, or approval of Defendants' Services by Eclipse.

28. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

29. By reason of Defendants' acts as alleged above, Eclipse has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the ECLIPSE Marks, as well as irreparable harm to Eclipse's business, goodwill, and reputation. Eclipse has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

30. Defendants' continued use of Defendants' Marks is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the ECLIPSE Marks.

31. Pursuant to 15 U.S.C. § 1117, Eclipse seeks the costs of this action; its damages; Defendant's profits; treble damages; treble profits; and reimbursement of Eclipse's reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement, Unfair Competition and/or False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

32. Eclipse incorporates the preceding paragraphs as though set forth fully herein.

33. The ECLIPSE Marks are inherently distinctive or have acquired distinctiveness among the relevant trade and public as identifying the ECLIPSE Services. Eclipse has been using the ECLIPSE Marks continuously and exclusively for the ECLIPSE Services since 2015, and accordingly has been building goodwill in the ECLIPSE Marks since that time.

34. Defendant's use of Defendants' Marks in connection with Defendants' Services is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants' Services and the ECLIPSE Services, or as to the origin, sponsorship, or approval of Defendants' Services by Eclipse.

35. Defendants' use of Defendants' Marks in connection with Defendants' Services constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. By reason of Defendants' acts as alleged above, Eclipse has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the ECLIPSE Marks, as well as irreparable harm to Eclipse's business, goodwill, and reputation. Eclipse has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

37. Defendants' continued use of Defendants' Marks is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the ECLIPSE Marks.

38. Pursuant to 15 U.S.C. § 1117, Eclipse seeks the costs of this action; its damages; Defendant's profits; treble damages; treble profits; and reimbursement of Eclipse's reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Trademark Infringement and Unfair Competition in Violation of the Common Law of the District of Columbia

39. Eclipse incorporates the preceding paragraphs as though set forth fully herein.

40. The ECLIPSE Marks are inherently distinctive or have acquired distinctiveness among the relevant trade and public as identifying the ECLIPSE Services.

41. Eclipse has been using the ECLIPSE Marks continuously and exclusively for venture capital funding services since 2015, and accordingly has been building goodwill in the ECLIPSE Marks since that time.

42. Defendants' use of Defendants' Marks in connection with Defendants' Services is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants' Services and the ECLIPSE Services, or as to the origin, sponsorship, or approval of Defendants' Services by Eclipse.

43. Defendants' use of Defendants' Marks in connection with Defendants' Services constitutes trademark infringement, unfair competition, and false designation of origin in violation of the District of Columbia's common law.

44. By reason of Defendants' acts as alleged above, Eclipse has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the ECLIPSE Marks, as well as irreparable harm to Eclipse's business, goodwill, and reputation. Eclipse has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

45. Defendants' continued use of Defendants' Marks is deliberate, willful, and fraudulent, and constitutes a knowing infringement of the ECLIPSE Marks.

## JURY DEMAND

Eclipse demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Eclipse requests that the Court enter Judgment in its favor as follows:

1. Granting temporary, preliminary, and permanent injunctive relief enjoining Defendants and each of their affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

    A. using the mark ECLIPSE, or any other mark confusingly similar thereto, in connection with the promotion of Defendants' Services and any related goods and services.

    B. otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendants or Defendants' Services or related goods and services are associated with, affiliated with, or sponsored by Eclipse, or are authorized by Eclipse, in whole or in part, in any way.

2. Ordering that Defendants account for and pay to Eclipse any and all profits FEV has received by its conduct alleged herein;

3. Awarding to Eclipse any and all damages and losses suffered by Eclipse as a result of Defendants' conduct as set forth herein, and treble such damages as provided by law;

4. Awarding to Eclipse the costs of this action and its reasonable attorneys' fees and expenses;

5. Awarding to Eclipse pre-judgment and post-judgment interest on all damages recovered by or awarded to it; and

6. Granting such other and further relief as the Court deems equitable, just, and appropriate.

Dated: June 16, 2023

Respectfully submitted,

*/s/ Michael J. O'Leary*
Michael J. O'Leary (DC Bar. No. 1014610)
**HOLLAND & HART LLP**
505 9th St. NW, Suite 700
Washington, DC 20004
Telephone: (202) 654-6922
MJOLeary@hollandhart.com

*Attorney for Eclipse Ventures, LLC*